UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN SEYMOUR,

          Plaintiff,

    v.

NANCY A. BERRYHILL,

          Defendant.

CASE NO. C17-5849-JCC

ORDER

This matter comes before the Court on Defendant's objections (Dkt. No. 14) to United States Magistrate Judge Brian Tsuchida's Report and Recommendations ("R&R") (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Defendant's objections (Dkt. No. 14) and ADOPTS the R&R (Dkt. No. 13) for the reasons explained herein.

## I.    BACKGROUND

This action involves Plaintiff Brian Seymour's appeal of the Administrative Law Judge's ("ALJ") denial of disability benefits. (Dkt. No. 4.) Plaintiff is 39 years old with a high school education. (Dkt. No. 8-8 at 15.) He has previously worked as a boatswain and sales attendant. (*Id*. at 65–66.) Plaintiff has diabetes mellitus, post-traumatic stress disorder, a history of ADHD, and several other ailments. (*Id*. at 8.) He originally applied for benefits in October 2012, alleging disability as of January 1, 2009. (Dkt. No. 8-2 at 21.) The ALJ determined that Plaintiff was not

disabled in June 2014. (*Id.* at 35.) Plaintiff appealed the ALJ's decision, and the Honorable James L. Robart reversed and remanded for further administrative proceedings. (*See* Dkt. No. 8-9 at 35–36.) Judge Robart directed the ALJ to reassess the medical evidence presented by Plaintiff's treating physician, Dr. Engstrom. (*Id.* at 51–52.) He also found that the ALJ's determination that Plaintiff would be off task 14% of the time was not "supported by substantial evidence in the record." (*Id.* at 49.)

On remand, the ALJ again determined that Plaintiff was not disabled. (Dkt. No. 8-8 at 17.) Plaintiff appealed, and Judge Tsuchida issued an R&R recommending that the Court reverse the ALJ's decision, find Plaintiff disabled, and remand for an award of benefits. (Dkt. No. 13.) Defendant timely objected to the R&R. (*See* Dkt. No. 14.)

## II. DISCUSSION

### A. Standard of Review

When a party makes a specific objection to a portion of a magistrate judge's R&R, a reviewing court conducts a *de novo* review of that portion. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Defendant's Objections

Defendant makes four objections to Judge Tsuchida's R&R. First, Defendant asserts that the ALJ properly discounted Dr. Engstrom's opinion. (Dkt. No. 14 at 2–5.) Second, Defendant argues that the ALJ appropriately found that Plaintiff's cataracts were not a severe impairment. (*Id.* at 5–6.) Third, Defendant asserts that the ALJ reasonably found that Plaintiff would be off task 10% of the time. (*Id.* at 6–7.) Fourth, if the Court finds that the ALJ erred, Defendant contends that the case should be remanded for further proceedings rather than for an award of benefits. (*Id.* at 7–9.) The Court addresses each objection in turn.

//

1                      1. <u>Dr. Engstrom's Opinion</u>

The opinions of treating physicians are entitled to special weight and "if the ALJ chooses to disregard them, 'he must set forth specific legitimate reasons for doing so, and this decision must itself be based on substantial evidence.'" *Embry v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). "Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support the conclusion in light of the entire record." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The Ninth Circuit has also made clear that "[t]he ALJ must do more than offer his conclusions." *Embry*, 849 F.2d at 421.

Dr. Engstrom opined that Plaintiff has marked social limitations, challenges coping with the activities of daily living and workplace stress, and that Plaintiff would miss at least two days of work per month due to his mental health issues. (Dkt. No. 8-7 at 283–84.) In his R&R, Judge Tsuchida found that the ALJ failed to give specific and legitimate reasons, supported by substantial evidence, to reject Dr. Engstrom's opinion. (Dkt. No. 13 at 5.) Defendant argues that the ALJ correctly rejected the physician's opinion because it contradicted other evidence in the record. (Dkt. No. 14 at 2–5.)

The ALJ gave two reasons for giving Dr. Engstrom's opinion only some weight. First, the ALJ found that Dr. Engstrom was unaware of certain of Plaintiff's self-reported activities, including his parenting responsibilities and his relationships with his father and one friend. (Dkt. No. 8-8 at 13.) The ALJ reasoned that this evidence contradicted Dr. Engstrom's opinion that Plaintiff had marked limitations with social functioning and the activities of daily living. (*Id.*) Second, the ALJ gave little weight to Dr. Engstrom's opinion because Plaintiff admitted to being non-compliant with his diabetes treatment. (*Id.*) The Court finds the ALJ's conclusions were not supported by substantial evidence.

First, the record indicates that Dr. Engstrom was aware of Plaintiff's parenting responsibilities. Dr. Engstrom provided Plaintiff with therapy for three years, during which time

he met with Plaintiff on a weekly or monthly basis. (Dkt. No. 8-7 at 282.) Nothing in the record indicates that Dr. Engstrom was unaware of the details of Plaintiff's familial obligations. (*Id.* at 282–85.) In fact, Dr. Engstrom wrote that Plaintiff "has considerable difficulty coping with day to day stressors, including the understandable challenge of supporting himself [and] his family." (*Id.* at 284.) Thus, the ALJ's conclusion that Dr. Engstrom was unaware of Plaintiff's familial responsibilities is not supported by substantial evidence.

Nor does the ALJ's conclusion about Plaintiff's personal relationships contradict Dr. Engstrom's opinion. (Dkt. No. 8-8 at 13.) Two personal relationships do not negate Plaintiff's other extreme behavior—including creating a disruption in a congressman's office or pulling a knife on a supervisor—that supported Dr. Engstrom's opinion. (*Id.* at 53; Dkt. No. 8-2 at 50.) The record amply supports Dr. Engstrom's opinion that Plaintiff has marked social limitations, is hypervigilant, and wary of trusting others. (Dkt. No. 8-7 at 282–85.) Therefore, the ALJ's decision to discount Dr. Engstrom's opinion based on Plaintiff's personal relationships is not supported by substantial evidence.

The ALJ separately discounted Dr. Engstrom's opinion because Plaintiff admitted to being non-complaint with his diabetes medication at the hearing, which was unknown to Dr. Engstrom when he issued his opinion. (Dkt. No. 8-8 at 13.) The ALJ reasoned that Plaintiff's non-compliance suggested that Plaintiff had behavioral modifications within his control that could have increased his functioning. (*Id.*) The ALJ concluded that these factors had "a direct bearing on Dr. Engstrom's treatment relationship with [Plaintiff] in terms of effectiveness and the resulting perceived limitations." (*Id.*)

Defendant argues that the ALJ's reasoning is "legally valid because an ALJ may reject a medical opinion if the doctor has an inaccurate understanding of the claimant's medical history." (Dkt. No. 14 at 3) (citing *Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012)). However, Defendant's reliance on *Chaudry* is misplaced. In *Chaudry*, the Ninth Circuit held that the ALJ properly discounted a treating physician's opinion because the opinion was predicated on an

erroneous belief that the plaintiff's use of a wheelchair and cane were prescribed by a doctor. *Id.* Here, Dr. Engstrom did not indicate that his ultimate opinion depended on Plaintiff's use of diabetes medication. (*See* Dkt. No. 8-7 at 282–85.) Rather, it appears that the ALJ used his own concerns about Plaintiff's credibility to reject Dr. Engstrom's opinion, which is an invalid basis to undermine a treating physician's opinion. *See Edlin v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (finding that the ALJ appeared to have relied on personal doubts about the claimant's overall credibility to reject a treating physician's report). Therefore, the ALJ's decision to discount Dr. Engstrom's opinion based on Plaintiff's non-compliance with his diabetes medication was not supported by substantial evidence.

For these reasons, the Court OVERRULES Defendant's objection.

### 2. Plaintiff's Cataracts

Defendant objects to Judge Tsuchida's conclusion that the ALJ erred in finding Plaintiff's cataracts to be non-severe. (Dkt. No. 14 at 5–6.) At step two of the five-step assessment process, a social security claimant must make a threshold showing that (1) he has a medically determinable impairment or combination of impairments, and (2) the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citation omitted).

Plaintiff's ophthalmologist, Dr. Sorenson, diagnosed him with cataracts in both eyes that are functionally significant and hinder him from reading fine print. (Dkt. No. 8-7 at 286, 292.) Defendant argues that the ALJ correctly gave this opinion only some weight when he assessed whether Plaintiff's cataracts were a severe impairment. (Dkt. No. 14 at 5.) The Court disagrees.

The ALJ discounted Dr. Sorenson's opinion because Plaintiff continued to drive despite

his cataracts. (Dkt. No. 8-8 at 14.) The ALJ determined that this contradicted the doctor's opinion and gave it only some weight in finding that Plaintiff's cataracts were not a severe impairment. (*Id.*) However, in his 2014 opinion, the ALJ gave Dr. Sorenson's opinion great weight despite knowing Plaintiff could drive. (Dkt. No. 8-2 at 30.) The ALJ failed to explain this discrepancy when discounting Dr. Sorenson's opinion. (*See* Dkt. No. 8-8 at 14.) Moreover, Plaintiff's ability to drive does not contradict Dr. Sorenson's opinion, which did not deal with his ability to drive but with capacity to read fine print. (Dkt. No. 8-7 at 289–94.) When given proper weight, Dr. Sorenson's opinion is sufficient to conclude that Plaintiff's cataracts are severe. (*Id.* at 292.) Therefore, the ALJ erred by finding Plaintiff's cataracts are not a severe impairment.

Defendant argues that even if the ALJ erred, the error was harmless because none of the jobs identified by the vocational expert required reading fine print. (Dkt. No. 14 at 6.) When an ALJ errs in finding an impairment is non-severe, the error is harmless if the ALJ properly considered the limitations caused by the impairment at later steps. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, the ALJ failed to consider Plaintiff's visual impairments as part of his residual functional capacity ("RFC") findings. (Dkt. No. 8-8 at 14, 66–67.) Therefore, the vocational expert could not assess whether Plaintiff's visual impairment would hinder him from performing the three jobs that she identified. (*Id.* at 69.) Thus, the ALJ's err was not harmless.

For these reasons, the Court OVERRULES Defendant's objection.

### 3. Plaintiff's Time Off Task

Defendant argues that the ALJ correctly found that Plaintiff would be off task 10% of the time. (Dkt. No. 14 at 6–7.) The Court disagrees. In his 2014 decision, the ALJ found that Plaintiff would be off task 14% of the time—a finding that Judge Robert held to be improperly results-oriented because it lacked adequate explanation. (*See* Dkt. Nos. 8-2 at 28, 8-9 at 49.) In the instant case, the Court again finds that the ALJ's determination lacks adequate explanation. The ALJ based his 2017 finding on Plaintiff's "self-reported activities," which suggested that Plaintiff's concentration and attention are seriously compromised. (Dkt. No. 8-8 at 13.) But the

ALJ failed to explain how these factors lead to a finding that Plaintiff would be off task 10% of the time. (*See id.*) Absent this explanatory link, the ALJ's RFC finding lacks adequate explanation to show that it is supported by substantial evidence.

For these reasons, the Court OVERRULES Defendant's objection.

### 4. Award of Benefits

Defendant objects to Judge Tsuchida's recommendation that ALJ's determination be reversed and remanded for an award of benefits. (Dkt. No. 14 at 8.) The Court may remand for an award of benefits awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292. Each of the elements of this test are met. First, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Engstrom's and Dr. Sorenson's opinions. Second, further development of the record is not needed, as there are no outstanding issues to resolve and two administrative hearings have already been held. Third, it is clear from the record that if the ALJ credited Dr. Engstrom's opinion he would be required to find Plaintiff disabled. Dr. Engstrom opined that Plaintiff would miss two full workdays a month because of his impairments. (Dkt. No. 8-7 at 285). The Vocational Expert testified that missing that amount of work would make Plaintiff unable to maintain competitive employment. (Dkt. No. 8-8 at 71.) Thus, crediting Dr. Engstrom's opinion would require finding that Plaintiff is disabled. Since nothing in the record creates serious doubt about Plaintiff's disability, the Court finds that an award of benefits is appropriate.

For these reasons, Defendant's objection is OVERRULED.

## III. CONCLUSION

For the foregoing reasons, Defendant's objections (Dkt. No. 14) are OVERRULED, the R&R is ADOPTED (Dkt. No. 14). This matter is REMANDED to the Social Security

Administration for an immediate award of benefits. The Clerk is DIRECTED to provide copies

of this order to Judge Tsuchida and the parties.

DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE